## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>v.<br><br>Antonio Washington,<br><br>              Defendant. | Case No. 14-cr-334(1)(SRN/TNL)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Andrew S. Dunne, Craig R. Baune, and Jefrey S. Paulsen, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Antonio Terrell Washington, USP Atwater, P.O. Box 019001, Atwater, California 95301, pro se.

SUSAN RICHARD NELSON, United States District Judge

## I.      INTRODUCTION

This matter is before the Court on Defendant Antonio Washington's Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 191] ("§ 2255 Mot."). For the reasons set forth below, Defendant's motion is denied.

## II.     BACKGROUND

On August 29, 2014, Washington and several other individuals participated in an armed robbery of the beer garden at the Minnesota State Fair, resulting in the theft of approximately $104,000 in cash. (Plea Agreement [Doc. No. 104] at 2.) Washington subsequently pleaded guilty to interference with commerce by robbery in violation of 18

U.S.C. § 1951 (commonly known as "Hobbs Act robbery"), and using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Min. Entry [Doc. No. 103]; Indictment [Doc. No. 12].)  On October 1, 2015, this Court duly sentenced him to a total term in prison of 104 months, consisting of twenty months for the Hobbs Act robbery conviction, and eighty-four months for the firearm conviction. (Min. Entry [Doc. No. 182].)  Washington did not directly appeal his sentence.

Washington now brings this motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), renders his conviction and sentence unconstitutional.  (§ 2255 Mot. at 5.)  Specifically, Washington contends that under *Johnson*, "Hobbs Act robbery no longer qualifies as a crime of violence within the meaning of [18 U.S.C. §] 924(c), and therefore may not serve as a predicate for that offense." (*Id.*)

The Government opposes Washington's motion, and has filed a response to that effect.  (*See generally* Opp. of the United States [Doc. No. 193].)  Washington has not filed a reply within the time allowed to do so, and therefore the Court renders its decision in this matter on the basis of the motion papers, the Government's response, and relevant case law.

## III.   DISCUSSION

28 U.S.C. § 2255 provides, in relevant part, that a "prisoner in custody under sentence of a court established by Act of Congress" may move the court which imposed

the sentence to vacate, set aside, or correct the sentence if the "sentence was imposed in violation of the Constitution or laws of the United States . . . ."  28 U.S.C. § 2255(a). Generally speaking, motions brought pursuant to § 2255 are subject to a one-year period of limitation.  *Id.* at § 2255(f); *Headbird v. United States*, 813 F.3d 1092, 1094 (8th Cir. 2016).  With certain exceptions, this period runs from the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Because Washington brought the present motion within one year of that date, his motion is timely.

Although procedurally proper, for at least two reasons Washington's motion is substantively unsound.  First, based on recent Eighth Circuit precedent—which is binding on this court—Washington is incorrect as a matter of law in contending that *Johnson*'s invalidation of the ACCA's residual clause renders the analogous clause of § 924(c) equally unconstitutional.  *See* 18 U.S.C. § 924(c)(3)(B).  In *United States v. Prickett*, 839 F.3d 697 (8th Cir. 2016), the Eighth Circuit squarely addressed the continued vitality of § 924(c)'s residual clause in light of *Johnson*, and found it to "withstand[] scrutiny." *United States v. Johnson*, No. 16-cv-2131 (ADM), 2016 WL 6154885, at *2 (D. Minn. Oct. 21, 2016).  *Prickett*'s holding forecloses Washington's constitutional challenge—18 U.S.C. § 924(c) is not unconstitutionally vague, and thus his conviction and sentence need not be vacated.  *See Prickett*, 839 F.3d at 700.

Even if *Prickett* did not decide the matter, however, the Court would still find Washington's motion to be flawed for the more immediate reason that his conviction under § 924(c) is not based on that section's residual clause in the first place.  The definition of a "crime of violence" that provides the basis for Washington's conviction

3

has two parts, as follows:

> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c). The Eighth Circuit has made clear that Hobbs Act robbery falls under the elements clause (part (A)), not the residual clause (part (B)). *See United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996). Under the Supreme Court's holding in *Welch v. United States*, 136 S. Ct. 1257 (2016), it is clear that *Johnson* applied only to the ACCA's residual clause, and not its elements clause, and this Court has no reason to find otherwise as to § 924(c). *See* 136 S. Ct. at 1261 ("Subsection (i) of [18 U.S.C. § 924(e)(2)(B)] is known as the elements clause. The end of subsection (ii) . . . is known as the residual clause. It is the residual clause that *Johnson* held to be vague and invalid.") (internal citation omitted). Accordingly, Washington's reliance on *Johnson* as the basis for his motion is unavailing.

## IV.    CERTIFICATE OF APPEALABILITY

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B). A COA may be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make the requisite showing, the movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Having considered the matter, the Court concludes that it is unlikely that another court would decide the issues presented in Washington's motion differently, or find resolution of the constitutional claims to be debatable.  Accordingly, the Court will not grant a COA here.

## V.     ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendant's Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 191] is **DENIED**;

2.     The Court will **NOT** issue a Certificate of Appealability in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 2, 2016                          s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge